UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| BARBARA PEREZ DE ALGUTRIA,<br><br>Petitioner,<br><br>v.<br><br>JOSHUA JOHNSON, Warden, Adelanto ICE Processing Center, et al.,<br><br>Respondents. | No. 5:26-cv-05766-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**INTRODUCTION**

On September 29, 2026, Barbara Perez De Algutria ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus (Dkt. 1, "Petition" or "Pet."), challenging her mandatory immigration detention and seeking immediate release or in the alternative, an individualized bond hearing before an immigration judge. Petitioner contends that her continued, "prolonged" detention without adequate justification and an individualized bond hearing violates the Fifth Amendment and her classification as a noncitizen "seeking admission" lacks an adequate evidentiary basis in violation of the Fifth Amendment and the Immigration and Nationality Act ("INA").

Respondents filed an Answer on October 9, 2026, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because she has two convictions for crimes involving moral turpitude. Dkt. 9 ("Ans."). Petitioner filed a Reply on October 11, 2026. Dkt. 10.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico, who was admitted to the United States as a lawful permanent resident on September 15, 2004. Pet. ¶¶ 16, 22. In 2008, Petitioner was convicted of forgery in violation of Cal. Penal Code § 470(d) and in 2014, she was convicted of misdemeanor fraud: obtaining welfare aid in violation of Cal. Welf. & Inst. Code § 10980(c)(2). Id. ¶¶ 23-24; Ans. at 2, Exh. D-E.

Since her admission as a lawful permanent resident in 2004, Petitioner has traveled abroad and returned to the United States on several occasions, including from April 14, 2022 to May 1, 2022; February 5, 2023 to March 2, 2023; and January 6, 2024 to February 10, 2024. Each time, Petitioner was inspected and readmitted as a returning lawful permanent resident. Pet. ¶ 25. In March 2026, Petitioner's permanent resident card was renewed. Id.

On September 6, 2026, Petitioner returned from a trip abroad and upon arrival, U.S. Customs and Border Protection detained her and classified her as an alien "seeking admission" under INA § 101(a)(13)(C), relying on the 2008 and 2014 convictions. Pet. ¶ 27. The Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, charging her as inadmissible under INA § 212(a)(2)(A)(i)(I), in that she is a noncitizen "who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude . . . ." Id. ¶ 29; Ans., Exh. C. On September 9, 2026, Petitioner was served with a Notice of Custody Determination, stating that she would be

detained pending a final administrative determination in her case. Ans., Exh. B ("I-286 Form"). The I-286 Form included a box stating, "You may request a review of this custody determination by an immigration judge." Petitioner checked the boxes acknowledging this notification and requesting a custody determination by an immigration judge. Id. Petitioner contends that DHS has taken the position that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to an individualized bond hearing before an IJ. Pet. ¶ 30. Petitioner remains in custody.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove [her] custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Here, Petitioner has failed to carry her burden to prove her current custody violates her federal rights.

It appears Petitioner was initially detained as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). In their Answer, Respondents defend her detention under 8 U.S.C. § 1226(c)(1)(A). See generally, Ans.

At the border and ports of entry, the government must determine whether a noncitizen seeking to enter the United States is admissible. Jennings v. Rodriguez, 583 U.S. 281, 287 (2018). "Because lawful permanent residents

generally must be regarded as already admitted to the country, they usually do not have to reapply for admission when they return from temporary overseas travel." Blanche v. Lau, 609 U.S. 1, 5 (2026) (citing 8 U.S.C. § 1101(a)(13)(C)). However, "the Government may regard a lawful permanent resident as 'seeking an admission' (and thus as not already admitted) if he 'has committed an offense identified in section 1182(a)(2),' § 1101(a)(13)(C)(v), including a crime involving moral turpitude, § 1182(a)(2)(A)(i)(I)." Id. Section 1182(a)(2)(A) provides that any noncitizen "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of -- (I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime" is inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i)(I). Noncitizens falling within the scope of Section 1225(b)(2) shall be mandatorily detained for removal proceedings. Jennings, 583 U.S. at 297, 302.

Section 1226 generally governs the process of arresting and detaining noncitizens present in the United States pending their removal. Jennings, 583 U.S. at 288. Under 8 U.S.C. § 1226(c)(1)(A), the Attorney General shall take into custody any noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2)," which as noted, includes crimes involving moral turpitude.

Here, Petitioner was convicted of forgery and fraud, which the government contends constitute crimes of moral turpitude. Respondents submitted certified state court criminal records establishing Petitioner's convictions. Ans., Exh. D-E. Petitioner does not dispute the convictions. On this record, notwithstanding Petitioner's legal permanent resident status, the government had authority to deem Petitioner an applicant for admission under 8 U.S.C. § 1225(b)(2) pursuant to 8 U.S.C. § 1101(a)(13)(C)(v).

Petitioner argues that the mere allegation of a conviction is insufficient; DHS must prove she committed the offenses by clear and convincing evidence. Pet. ¶¶ 47-50. But as Petitioner acknowledges, the Supreme Court in Lau held that a border officer does not have to show by clear and convincing evidence that a returning lawful permanent resident has committed a crime involving moral turpitude before treating that resident as an applicant for admission at the port of entry. See id. ¶ 48. The government must establish that the lawful permanent resident is an applicant for admission by clear and convincing evidence "at the time of the removal hearing, not at the border." Lau, 609 U.S. at 10 (citation omitted). "While the Government must ultimately prove the bases for Petitioner's detention by clear and convincing evidence in [her] removal proceedings pending before the immigration court, the Government was not required to do so at the airport, or here in these habeas proceedings." Herrera v. Warden of Cal. City Det. Ctr., 2026 WL 3022328, at *2 (E.D. Cal. Oct. 7, 2026). Whether her classification of inadmissibility was proper must be decided by the immigration court in the first instance. Id.

As noted, Respondents in their Answer defend Petitioner's detention under Section 1226(c)(1)(A). As with Section 1225(b)(2), Petitioner has not shown her continued detention under Section 1226(c) violates due process. Petitioner contends that her continued, "prolonged" detention without an individualized bond hearing violates the Due Process Clause. Assuming a noncitizen has a private interest in freedom from prolonged detention (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022)), Petitioner has not shown her present confinement is not constitutionally permissible. "Detention during removal proceedings is a constitutionally permissible part of [the removal] process." Demore v. Kim, 538 U.S. 510, 531 (2003). In Kim, the Supreme Court held that the government may detain a noncitizen under Section 1226(c) for a "brief period necessary for their removal proceedings."

Id. at 513. In reaching that finding, the Court explained that detention under Section 1226(c) has a "definite termination point" and "in the majority of cases it lasts for less than the 90 days [the Supreme Court] considered presumptively valid in Zadvydas." Id. at 529. In this case, Petitioner has only been detained for a little over six weeks, far less than the 90 day period noted in Kim. Petitioner has not shown that her detention at this time is not constitutionally permissible.[1]

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition without prejudice.

Dated: October 22, 2026____

JOHN D. EARLY
United States Magistrate Judge

[1] A detainee "who believes that he is not covered by § 1226(c) may . . . ask for what is known as a 'Joseph hearing,'" at which the noncitizen "may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Jennings, 583 U.S. at 289 n.1 (quoting Kim, 538 U.S. at 514 n.3). Although Petitioner references a Joseph hearing, she does not contend that she has requested such a hearing and does not request one here. As such, the Court makes no ruling on the issue, and nothing herein limits Petitioner from requesting a Joseph hearing in immigration proceedings.